Hillsborough, }
Oct. 1, 1912. }

### PARKER *v.* MUDGETT.

In an action for negligence against an employer, certain evidence deemed sufficient to warrant the finding that the plaintiff's injuries resulted from the negligence of a fellow-servant whose incompetency was, or ought to have been, known to the defendant.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1912, of the superior court by *Pike*, J., on the defendant's exceptions to the denial of motions for a nonsuit and the direction of a verdict in his favor.

The plaintiff's evidence tended to prove the following facts: October 18, 1907, the plaintiff, who had previously been employed as a chopper, was set at work taking away boards from the carriage of the defendant's sawmill. One Ouillette was the sawyer. On the afternoon of the first day of this employment, a glove on the plaintiff's right hand became entangled in the machinery, and when the carriage started to return to the saw the plaintiff was dragged with it. When he was fifteen or twenty feet from the

saw he shouted to Ouillette to shut off the power, but this the latter failed to do, and the plaintiff was dragged against the moving saw and suffered the loss of his right arm. The speed of the carriage was such that it could have been stopped in a distance of six inches. Ouillette was incapable of acting with reasonable prudence in case of emergency, and this fact was known to the defendant.

*John M. Stark, Arthur S. Healy,* and *Martin & Howe (Mr. Howe* orally), for the plaintiff.

*Burnham, Brown, Jones & Warren (Robert L. Manning* orally), for the defendant.

BINGHAM, J. Aside from the question of the plaintiff's exercise of care, it was incumbent upon him to prove (1) that his injury was due to some negligent act or omission of Ouillette, (2) that Ouillette was an incompetent man for the service he was called upon to render, and (3) that his incompetency was, or ought to have been, known to the defendant.

There was evidence from which all three of these propositions could have been found. It appeared that after the plaintiff was caught upon the carriage Ouillette had a clear opportunity to stop the machine and prevent the accident, which he failed to do; that he was a "jumping Frenchman"—a person afflicted with a nervous disability which rendered him incapable of exercising care in case of an emergency or when under excitement—and that this disability was, or ought to have been, known by the defendant. The particular evidence upon the last proposition was that at the time of the accident Ouillette had been in the defendant's employ as a sawyer for over three months; that the men at the mill, during the noon hour, were in the habit of getting Ouillette excited by hallooing and pointing at him, so that they might see him jump; and that on one of these occasions the defendant told them not to do so, as some of them were liable to get hurt. The order is,

*Exceptions overruled.*

All concurred.